**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/2021

 **SCAROLA ZUBATOV SCHAFFZIN PLLC**

Richard J.J. Scarola
rjjs@szslaw.com
(212) 757-0007 ext. 3201

April 6, 2021

Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
Room 240
New York, NY 10007

*Re: RocketFuel Blockchain Company et ano. v.
Ellenoff Grossman & Schole LLP* (Case 1:21-cv-01764-VEC)

Dear Judge Caproni:

We represent the plaintiffs in this case. The case was commenced on March 1, 2021 (ECF ## 1-4), and before any appearance from the defendant, on March 19, 2021, we amended the Complaint (ECF ## 7-9) including the addition of a plaintiff (the corporate parent of the plaintiff in the original complaint).

We write to address and request relief as to two procedural issues.

First, at the time the case was commenced, Your Honor issued a scheduling order providing for an initial pretrial conference to be held on April 16, 2021 (along with a schedule for related proceedings). After filing the amendment, we completed service of process on April 1, 2021, by service upon the Secretary of State of the State of New York (ECF # 13). In light of the date of service, we write to point out that the dates in the Court's current scheduling order in ECF # 6, including an initial conference set for April 16, 2021, fall at a time prior to the current date for the defendants to respond to the pleading, and we therefore ask that they be amended accordingly.

Second, for the avoidance of any doubt, we address the way in which we amended the Complaint to add a party and ask for an Order that is permitted. As background, we point out that amendment of the Complaint was permissible as of right in accordance with FRCP 15 and

1700 BROADWAY 41ST FLOOR NEW YORK, NY 10019
TEL 212-757-0007 FAX 212-757-0469 WWW.SZSLAW.COM

SCAROLA ZUBATOV SCHAFFZIN PLLC

Hon. Valerie E. Caproni
April 6, 2021
Page 2

was filed before the defendant even appeared. Some commentary has suggested that permission to add a plaintiff would need to be sought from the Court in accordance with FRCP 21 (even when amendment is permissible as of right under FRCP 15). In these circumstances, especially given that the amendment, including the addition of a plaintiff, was filed prior to the appearance or even service of the defendant, we believe that we proceeded properly under FRCP 15. That view is supported by case law. *See, e.g., Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906 (E.D. Va. 1994) (plaintiffs were entitled to amend complaint once as matter of course to add trustees of benefit plan as plaintiffs; while Secretary of Labor had filed motion to dismiss addressing original complaint, neither answer nor any other responsive pleading had been filed); *Texas Energy Reserve Corp. v. Department of Energy*, 535 F. Supp. 615 (Del. 1982), *aff'd* 710 F.2d 814 (in adding a Delaware corporation as a party plaintiff by amending complaint before a responsive pleading had been filed was not violative of this rule and rule 21 of these rules under circumstances). In fact, an alternative procedural path — although a more cumbersome one — would have been for the additional plaintiff to file its own separate action and for us to then seek consolidation of the two cases (thereby arriving at the same place). We believe that cumbersome process to get to the same place is not required or contemplated by the rules, but in the abundance of caution, we now ask that the Court grant permission for the addition of the party in the currently filed Amended Complaint (ECF #7) or grant such other form of similar permission by whatever procedural path the Court believes makes the most sense. If necessary, we are of course prepared to address this issue more fully.

Finally, we point out that we have been in touch with, initially, the defendant (a law firm) and more recently with defendant's counsel that we understand has been retained to represent it. We are transmitting a copy of this correspondence by email to counsel.

Respectfully submitted,

Richard J.J. Scarola

Copy (By Email) to

Philip Touitou, Esq.
Steven Cordero, Esq.

The April 16, 2021 IPTC is ADJOURNED to **April 23, 2021, at 11:30 a.m.**  The parties' joint letter and proposed Case Management Plan are due not later than **April 15, 2021**.  The Court notes, however, that its March 3, 2021 order (Dkt. 6) clearly states that "[r]equests for adjournment of the IPTC will not necessarily be granted on the ground that one or more Defendants have not been served or answered prior to the scheduled IPTC."  Plaintiffs' counsel is warned to read closely this Court's orders before making requests of this Court.

With respect to Plaintiffs' Amended Complaint adding a new party as Plaintiff, at least within this district, Plaintiffs are incorrect in asserting that Rule 21 is not implicated, even though Plaintiffs were entitled to file an amended complaint as of right under Rule 15(a)(1).  *See, e.g.*, *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) ("If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party . . . also comes into play.  However, that creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule 15(a).'" (quoting *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)); *Duling v. Gristedes Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) ("To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party,' rather than Rule 15(a)." (quoting Fed. R. Civ. P. 21)).  The Court also notes that Plaintiffs' alternative path would not necessarily have been to file a separate action but instead simply to seek the Court's permission to file an amended complaint adding a new plaintiff pursuant to Rule 21 before doing so.  Nevertheless, given the lenient standard under Rules 15(a) and 21 and the fact that Defendant had not yet been served at the time of the amendment, the Court grants Plaintiffs' request, *nunc pro tunc* to March 19, 2021, to add RocketFuel Blockchain, Inc. as a plaintiff in this action.

SO ORDERED.

4/7/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE